UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| SONNY LEE LAWSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 3:15-cv-02034-LSC-JEO |
| CHERYL PRICE, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus action filed by petitioner Sonny Lee Lawson, *pro se*, on or about November 12, 2015. (Doc. 1). Lawson challenges his 2010 conviction and sentence for Theft of Property, First Degree, in Lauderdale County Circuit Court. (*Id.*, at 1). On March 29, 2018, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that habeas relief be denied. (Doc. 15). Because the record was unclear as to whether the report and recommendation was sent to the petitioner at his current address, on April 24, 2018, an additional copy of the report and recommendation was mailed to the petitioner at Bibb County Correctional Facility. (Doc. 16). Lawson has filed timely objections to the report and recommendation. (Doc. 17).

1

A jury convicted the petitioner of Theft of Property, First Degree, for stealing a van. (*See* doc. 15 at 2). Although the petitioner raised multiple grounds in his petition, his objections focus on whether his trial counsel was constitutionally deficient for failing to object to the lack of an instruction on the term "deprive" in the trial court's jury charge. (Doc. 17).

The petitioner first asserts that under *Jackson v. Virgina*, 443 U.S. 307 (1979), the elements of a crime must be given to the jury. However, *Jackson* concerned conviction of a juvenile based on a "preponderance of the evidence" standard. *Id.*, at 314-15. That case stands for the proposition that when a challenge to the sufficiency of the evidence is made, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, at 319. The Court cautioned that in reviewing a sufficiency of the evidence challenege, the critical inquiry "must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.*, at 318.

A jury instruction which omits an element of the offense does not automatically render a criminal trial fundamentally unfair. *Neder v. United States*, 527 U.S. 1, 9 (1999). Rather, such an omission is subject to the harmless error

analysis. *Parker v. Sec'y, Dept. of Corr.*, 331 F.3d 764, 776-77 (11th Cir. 2003).

The *Parker* Court explained:

> "The question in ... a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quotation omitted). The challenged instruction must not be viewed in isolation; the habeas court should consider the context of the instructions as a whole as well as the entire trial record. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Agan v. Vaughn*, 119 F.3d 1538, 1545 (11th Cir. 1997) ("A defendant's right to due process is not violated unless an erroneous instruction, when viewed in light of the entire trial, was so misleading as to make the trial unfair."). Moreover, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Kibbe*, 431 U.S. at 155. In such cases, the habeas petitioner's burden is "especially heavy." *Id.*; *Devier v. Zant*, 3 F.3d 1445, 1465 (11th Cir. 1993). This is especially true where the habeas petitioner failed to object to the incomplete instruction at trial. *Kibbe*, 431 U.S. at 154 ("It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.").

*Parker*, 331 F.3d at 779.

Here, according to the petitioner's argument, the instruction in question was "incomplete," not "erroneous." Even if Lawson established the trial court erred by failing to give a charge further defining the term "deprive," any such error was harmless. The petitioner fails to demonstrate prejudice, and thus fails to "meet his heavy burden of showing that the incomplete … instruction so infected his trial as to violate due process." *Parker*, 331 F.3d at 780 (citing *Kibbe*, 431 U.S. at 154). Merely arguing the outcome of the trial might have been different is insufficient

for habeas relief. *See Kibbe*, 431 U.S. at 157 ("Even if we were to make the unlikely assumption that the jury might have reached a different verdict pursuant to an additional instruction, that possibility is too speculative to justify the conclusion that constitutional error was committed.").

The petitioner next argues "the state court's decision[] has violated petitioner[']s federal constitutional rights to the due process of law and a fair trial under the 14th Amendment, and the Sixth Amendment to the effective assistance of counsel." (Doc. 16 at 2). Nothing in this statement provides a basis to find Lawson is entitled to habeas relief. Because the petitioner failed to establish his due process rights to a fair trial were violated, his counsel could not have been constitutionally ineffective for not objecting to a due process violation. *See e.g. Schwab v. Crosby*, 451 F.3d 1308, 1319 (11th Cir. 2006) (*quoting Bush v. Singletary*, 988 F.2d 1082, 1092–93 (11th Cir. 1993) ("We agree with the district court that '*Strickland* does not compel an attorney to urge an argument which he reasonably finds to be futile …'").

The petitioner's third objection is related to his first. He asserts the Alabama Court of Criminal Appeals reversed four cases where the definition of "deprive" was not provided to the jury, again arguing that "the jury would have found petitioner not guilty if they had been instructed on the definition of 'deprive.'" (Doc. 17 at 2). As set forth in the report and recommendation, whether Alabama

law requires an additional instruction to define "deprive" beyond that in the Alabama Pattern Jury Instructions is a matter of state law. (Doc. 15 at 13). Even if the failure to give this instruction would require reversal under state law, that is of no consequence in considered whether Lawson's conviction was in violation of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law."). The Court in *Estelle* specifically held "[t]oday, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*., at 67-68 (citations omitted). This objection is without merit.

Lawson's renewal of his motion for appointment of counsel is **DENIED.**

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and Lawson's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Lawson's objections are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be

**DENIED**.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a*), Rules Governing § 2254 Proceedings*.  A separate Final Order will be entered.

 **DONE** AND **ORDERED** ON MAY 18, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704
